**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTUS ALABI, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 23-CV-03444 |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | JURY DEMAND |
| COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiffs, by their undersigned counsel, respectfully submit the following Complaint against Defendants Cook County Sheriff's Office and Cook County:

## INTRODUCTION

1.      While the tolerance of detainee sexual misconduct at Cook County Jail has led to hundreds of claims by female employees, the related suffering of male employees has so far been entirely ignored by Defendants. Rather than provide the staff and devote the resources necessary to address this long-running problem, Defendants have chosen to place the burden of handling offending detainees disproportionately on their existing male employees. These male employees are assigned to deal with horrifying conditions simply because they are men and Defendants believe that men should quietly accept this aberrant sexual misconduct and not complain. Male employees who complain about the direct and indirect sexual harassment they experience are ignored, mocked, and ostracized based on the misconception that they are not "man enough," and then thrown back onto the front lines to suffer in silence. Plaintiffs are men who have suffered as a result of these discriminatory and deliberately indifferent policies and practices. They bring this action under 42 U.S.C. § 1983 and the Illinois Civil Rights Act to seek damages for their injuries.

**PARTIES**

2.      Plaintiffs are male employees who have been subjected to severe and pervasive discrimination on the basis of their sex while employed by Defendants.

3.      Defendant Cook County Sheriff's Office (CCSO), otherwise known as Cook County Sheriff Thomas J. Dart in his official capacity, is a unit of local government charged with responsibility and authority for the operation of Cook County Jail through the Cook County Department of Corrections (CCDOC).

4.      CCSO also has responsibility and authority for operating the Court Services Department, which is the unit of the Cook County Sheriff's Office that is responsible for securing detainees and providing security at all County Court facilities, including the George Leighton Criminal Courthouse and all the outlying county courthouses.

5.      Defendant Cook County is a body politic and corporation organized under the Illinois County Code, 55 ILCS 5/1-1001, *et seq*. Cook County owns the Cook County Jail, and provides health care to detainees at Cook County Jail through Cermak Health Services of Cook County.

6.      At all times relevant to this Complaint, the County and the CCSO have been, or were, an employer or joint employer of all Plaintiffs.

**JURISDICTION AND VENUE**

7.      The Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. § 1983.

8.      Venue is proper because the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district and the parties are residents of this judicial district.

### COOK COUNTY JAIL

9.      At all relevant times, Cook County Jail included multiple divisions for detainee housing. Division 8 includes Cermak Health Services where detainees receive health care and the Residential Treatment Unit (RTU) for detainees receiving mental health services.

10.      Sheriff Dart staffs these divisions with correctional officers under the supervision of a command staff that includes sergeants, lieutenants, commanders, and superintendents.

11.      The County employs various medical personnel and supervisors to provide health care to detainees at Cermak, at RTU, and throughout the rest of the Cook County Jail. Sheriff Dart's deputy sheriffs are assigned to provide security and escort medical personnel, including when they are making rounds or passing medications on living units.

12.      Detainees with court appearances at the Leighton Criminal Courthouse are taken through the Receiving Classification and Diagnostic Center (RCDC) and through a series of tunnels connecting the Jail to the Courthouse.

13.      While moving through these tunnels and inside the Courthouse, detainees remain in the custody of Sheriff Dart's Court Services Department.

14.      Detainees likewise remain in the custody of the CCSO while detained before, during and after court appearances; while transported to and from courthouses; and while receiving treatment at outside hospitals.

### DEFENDANTS' TOLERANCE OF SEXUAL HARASSMENT

15.      Defendants have tolerated a work environment in which male detainees are able to openly engage in horrifying acts of sexual harassment against female employees on a daily basis. These include deliberately exposing their genitals to, masturbating at, groping and battering,

threatening to rape and sexually assault, and making lewd gestures and offensive sexual remarks to female employees.

16.     This long-running problem has been the subject of multiple media reports, and at least 561 individual claims by female employees of CCSO and the County in *Howard, et al. v. Cook County Sheriff's Office*, et al., 17-cv-8146 (consolidated with *Wilson v. Cook County Sheriff's Department, et al.*, 17-cv-8248), and a class action brought by Cook County public defenders against CCSO and the County in *Brown, et al. v. Cook County, et al.*, 17-cv-8085.

17.     As Judge Kennelly explained in denying Defendants' Motion for Summary Judgment in *Howard*, there is evidence of "widespread apathy to detainee sexual misconduct by supervisory personnel and upper management Jail employees;" that "CCSO supervisors were at times openly hostile towards officers who disciplined detainees for masturbating," that "the policies and practices designed to address detainee sexual misconduct were woefully inadequate, and that "defendants knew about the problem and that their responses were ineffective and knowingly failed to correct the problem." (17-cv-8146, Dkt. # 467 at 33.)

18.     This evidence includes more than 140 declarations attesting to the hostile work environment at Cook County Jail: numerous examples of Sheriff and County supervisors discouraging and/or ignoring reports regarding the misconduct; victims being told that the harassment is part of the job or was their fault; testimony that Sheriff administrators ignored the problem; testimony that County supervisors failed to implement appropriate reporting policies and did little to address the problem with the Sheriff's Office; and evidence regarding the Sheriff and the County's failure to provide training on the appropriate response to these incidents. (*See* 17-cv-8146, Dkt. # 433.)

19. Sheriff Dart agreed to a preliminary injunction in *Howard*, which required Sheriff Dart to, among other things, issue a directive that no employee should be discouraged or prevented from filing incident reports of indecent exposure, exhibitionist masturbation, and other sexual misconduct. (17-cv-8146, Dkt. # 27).

20. Since *Howard* and *Brown* were filed, Sheriff Dart and the County have implemented some measures to address attacks by male detainees on female employees; these include the use of green jumpsuits and more frequent write-ups for offenders (according to Defendants). Defendants know these measures are not enough and the attacks continue daily.

21. Despite Defendants' awareness of this continued problem, their widespread failures to address attacks by male detainees on female employees continue to include the following:

    a. Assigning an inadequate number of correctional officers to secure detainees, thus diminishing their ability to respond to detainee misconduct. This includes correctional officers often being required to guard one or sometimes two tiers alone.

    b. Assigning inadequately trained personnel and an inadequate number of correctional officers to accompany medical personnel during their rounds, medication dispensation, and providing medical care. This includes correctional officers often being required to guard a large area and being forced between protecting medical personnel or watching the rest of the tier(s) alone.

    c. Allowing supervisors to turn a blind eye to and/or discourage their employees from reporting and/or pursuing discipline for attacks; failing to pursue discipline for attacks and/or allowing attacks to go undocumented; discouraging victims from pursuing criminal charges; and failing to adequately train employees and supervisors on how to respond to the attacks;

    d. Lax, untimely issuance, or miss-issuance of green jumpsuits, irregular discipline of detainees who take the green jumpsuits off in whole or in part, and failing to ensure that green jumpsuits are worn by known recidivist offenders. There are insufficient safeguards in place to ensure that detainees who are supposed to be wearing green jumpsuits are wearing them.

e.      Failing to ensure that those detainees that are issued green jumpsuits wear them properly. Far too often, these detainees are allowed to wear these green jumpsuits in a partial fashion, unfastened. This allows the recidivists to continue their aberrant sexual behavior. Rules requiring that these jumpsuits are worn properly are not uniformly or consistently enforced.

f.      Failing to ensure that recidivist masturbators do not damage and continue to wear damaged green jumpsuits. Often such detainees will rip holes in the jumpsuits or modify them in a manner to make masturbation, inappropriate fondling, and indecent exposure easier for them to accomplish.

g.      Failing to fix the chuckholes on a number of cell doors. Although such chuckholes are supposed to be able to be locked and opened for the passing of material or food, they are now routinely left open and unlocked. This has allowed masturbating detainees to freely expose themselves and masturbate through the chuckhole.

h.      Failing to ensure that known recidivist masturbators are properly secured when being transported in areas where there are people present. Often, recidivist masturbators are transported without being properly secured or blue boxed. In some instances, blue boxes will not be employed. In other instances, recidivist masturbators will not be secured with their hands behind them, thus making it easier for them to masturbate.

i.      Failing to alert employees and others about known recidivist masturbators when they are taken to hospitals. At hospitals the detainees would not wear their identifying green jumpsuits. There was no method of communication to ensure that those employees on duty were aware if the recidivist masturbator they were assigned to guard was a masturbator or high risk. The pink IDs that were also used to identify such recidivist masturbators were kept in an office away from the correctional officers assigned to guard the detainee patients. This made it unnecessarily difficult for those responsible to properly guard the detainee and limit/avoid their exposure to sexual misconduct by the detainees.

j.      There is a lack of consistency, communication, and efficiency in the time it takes offenders to be taken before the hearing board. This resulted in some detainees not being put into a green jumpsuit until they had masturbated to staff as many as 10 times.

22.     As male employees, Plaintiffs have regularly been witnesses to and had to respond to these attacks by male detainees on female employees.

23.     Male employees will receive specific higher risk assignments involving known recidivist masturbators or a high percentage of known recidivist masturbators because they are male.

24.     Male employees are required to enter active masturbator situations and engage with the offending detainees while female employees are not expected to do so.

25.     Female employees may disengage from an active masturbator situation whereas male employees will not be allowed to do so and will be required to deal with the offending detainees.

26.     Defendants' policies regarding detainee sexual misconduct discriminate against and disproportionately impact male employees.

27.     The burden of Defendants' inadequate staffing policies also disproportionately falls upon male employees, who not only receive high-risk assignments and have to respond to attacks because they are male, but also must struggle to carry out these incredibly difficult duties without the necessary support.

28.     Male employees are also subjected to direct sexual misconduct by male, female, and transgender detainees, although this occurs with less frequency than attacks on female employees.

29.     While Defendants have taken some, albeit inadequate measures to address attacks by male detainees on female employees, attacks on male employees have been almost altogether ignored by Defendants.

30.     Defendants have an unsupported misconception that male employees are not adversely affected by either: 1.) male detainees committing sexual misconduct; or 2.) sexual harassment committed by detainees on male employees. Nor do Defendants believe that male employees are adversely affected by being forced to bear the additional burden of tougher assignments involving particularly difficult recidivist masturbators on a daily basis.

31.     Male employees who complain or raise these issues with supervisors are laughed at, ostracized, and/or retaliated against for not being "man enough." This includes, but is not limited to, juvenile, homophobic comments.

32.     Supervisors will actively discourage male officers from making complaints and writing up disciplinary reports unless a female was the subject of the detainee's conduct. Supervisors will fail to respond or make pretextual claims that cases against detainees cannot be written up in cases involving male correctional officers or employees.

33.     Complaints by male employees are rarely if ever investigated by Sheriff personnel and are rarely if ever presented to the State's Attorney's Office for criminal charges.

34.     Discipline is rarely, if ever, issued based on complaints from male employees about the sexual misconduct of detainees. It is never initiated when the complaints involve sexual misconduct by female employees.

35.     While female employees have recently been directed to attend counseling regarding these conditions, no counseling has been offered to male employees even though they are subjected to the same sexual misconduct.

36.     There is a longstanding culture created, developed, and fostered by Defendants that male employees are not to complain and must accept sexual harassment of all types without recourse, comment, or assistance. Defendants are aware that this culture actively discourages male

correctional officers and other male employees from raising sexual misconduct committed by detainees (whether male or female) or making a formal write-up.

37. As they are continually sacrificed on the front lines of this long-running conflict at Cook County Jail, male employees live under the constant stress of having to deal with the horrifying conditions and the fear they will be left with offending detainees while severely outnumbered or alone.

## PLAINTIFFS

38. Plaintiff Augustus Alabi has been employed by Defendant Cook County as a registered nurse (CN 1) for over 23 years. During this time, he has been subjected to repeated harassment (over 50 times in the period between 2021 and 2023) while working in Cermak Division 8, including in PSCU, 2N, 2W, 2S, and 2E. This repeated harassment has included Mr. Alabi being struck with urine and spit and enduring sexually harassing conduct and comments. Female detainees exposed themselves, sexually propositioned Mr. Alabi for oral sex, and masturbated in his presence on multiple occasions. Mr. Alabi was also subjected to male inmates exposing themselves, sexually propositioning him regarding oral sex, and masturbating in his presence on multiple occasions. Mr. Alabi reported such behavior to correctional personnel, but no action was taken because the correctional personnel did not want to take a report. Mr. Alabi was told by correctional officers that he was a man and that because he was a man, he should not be bothered by any such sexual misconduct. Mr. Alabi was told that there was no way of avoiding the sexual misconduct while working in the jail and that he had to accept it. Even in instances where Mr. Alabi would be able to get a detainee written up, no corrective action was taken against these detainees. In fact, many of them would subject Mr. Alabi to sexual harassment on multiple occasions without consequence.

39.     Plaintiff George Ambrose has been employed as an EMT/Paramedic at the Cook County Department of Corrections for approximately 24 years. Since approximately 2016 and continuing into the present, Mr. Ambrose has been repeatedly subjected to sexual harassment while working all over the jail compound, including in RTU, Cermak, Division 9, Receiving/RCDC, and on the Bridge. This harassment occurred on an almost weekly basis from 2016 through late 2022, and now occurs on an almost monthly basis while Mr. Ambrose has been assigned to RTU. This harassment includes male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This conduct is frequently accompanied by vile and sexually suggestive comments, such as "I'm gonna nut on one of these paramedics," and "You know you like this." Because he is a man, Mr. Ambrose has been assigned to do segregation rounds in the place of female nurses where there is an inordinately high number of chronic masturbators. This is so even though he is not a nurse and these rounds do not fall within his normal duties. Mr. Ambrose has found that correctional officers and supervisors will frequently ignore the sexually rampant behavior, sometimes just leaving the area and allowing the behavior to continue unchecked. Mr. Ambrose has been told, "What do you want me to do;" "It's their body they can do what they want with it;" "as long as they are not ejaculating on you, its not a crime just a nuisance;" and "This is what comes with being in the jail." Mr. Ambrose has seen some corrective action taken against offending detainees when they engage in this sexual misconduct in front of women, but not if the victim is a male employee. Many of the detainees who have engaged in the aforementioned sexual misconduct before Mr. Ambrose are repeat offenders who do so without fear of any repercussion or consequences.

40.     Plaintiff Dwight Anderson has been employed as a deputy sheriff / correctional officer for over 37 years. Throughout his employment, and particularly over the last 18 years while

10

assigned to Cermak, Mr. Anderson was subjected to male detainees exposing themselves, fondling themselves, and masturbating in his presence. This has occurred when Mr. Anderson has been assigned to Cermak (on the second floor and in the basement) and in Receiving. There was a significant surge in this behavior in 2018 and 2019 and it has continued until the present as Mr. Anderson has had to endure this behavior over 20 times in the years 2021 through 2023. Mr. Anderson has also been repeatedly propositioned for oral sex by male inmates during this time. Mr. Anderson has been told on multiple occasions to: a.) "get used to it;" b.) "its gonna happen;" c.) ""just move on;" and d.) "it's a man's job."  Reports are rarely if ever taken regarding this sexually aberrant behavior when male personnel are victimized; complaints from male officers are not taken seriously with Mr. Anderson being told not to everyone's waste time. No corrective action is taken against the offending detainees with Mr. Anderson suffering sexual harassment from the same offending detainees on multiple occasions.

41.     Plaintiff Antwaun Bacon has been employed as a correctional officer for over 23 years. While assigned to Division 11 and Stroger Hospital in the period from 2016 through 2023, Mr. Bacon was subjected to male detainees exposing themselves, fondling themselves and masturbating in his presence. Mr. Bacon reported this behavior on multiple occasions to his shift supervisors, only to be told that "It happens all the time – get used to it."  Nothing would happen to the offending detainees and no corrective action would be taken. Detainees would just be moved to a different area of the jail where they would continue their sexually aberrant behavior.

42.     Plaintiff Ocie Banks has been employed as a correctional officer for approximately 25 years. While assigned to Cermak (particularly when working the Second Floor), External Operations, Stroger Hospital, and St. Anthony's Hospital in the period from 2013 through 2023, Mr. Banks was subjected to sexual harassment on multiple occasions. Mr. Banks was also

subjected to sexual harassment when he worked in Division 5 and Division 6 prior to those assignments. Recently, this sexual harassment occurred at least 12 times in the period of 2021 to 2023. This harassment included male detainees exposing themselves, fondling themselves and masturbating in his presence. There was a surge in this sexual harassment committed by inmates in 2018 and 2019. No discipline would be given to the offending detainees and no corrective action would be taken, thereby further encouraging this sexually aberrant behavior. Detainees would tell Banks that if CCDOC was not going to do anything to them, they would just continue to act out. Mr. Banks was told that this was part of his job and that nothing is going to change. Mr. Banks was also told that there was nothing that could be done with these detainees, that it was futile to complete paperwork, and that the detainees could not be moved to isolated rooms. When Mr. Banks brought the fact that detainees were masturbating to his supervisors, they would question Mr. Banks and make it appear as if he was doing something wrong. Banks' supervisors would ask why he was where he was at and ask why he was looking at the masturbating detainee if he knew he was masturbating. This was done to embarrass Mr. Banks and to intimidate him into accepting the aberrant sexual harassment as normal. Following the *Howard* and *Brown* lawsuits, officers were permitted to do paperwork regarding the behavior of the detainees, but it would not go anywhere and it felt like supervisors would just drag their feet.

43. Plaintiff Ruben Battle has been employed as a correctional officer for over 23 years. While assigned to External Operations from approximately 2006 through 2023, Mr. Battle was subjected to detainees exposing themselves, fondling themselves and masturbating in his presence. This occurred multiple times in the period from 2021 to 2023. It was considered normal for such conduct to occur and these incidents would not be written up. At times, Mr. Battle's supervisors

12

have not cared or have been indifferent when informed of this sexually aberrant behavior by Mr. Battle. Mr. Battle is unaware of any corrective action being taken.

44.     Plaintiff Benjamin Godwin has been employed as a registered nurse (CN 1) for approximately 28 years. While assigned to Cermak Division 8 (including when working the Second Floor and RTU) in the period of 2017 to 2023, Mr. Benjamin was subjected to sexual harassment on an almost daily basis. This repeated harassment included detainees exposing themselves, making crude sexual remarks, sexually propositioning Mr. Godwin for oral sex, and masturbating in his presence on multiple occasions. Female detainees have exposed themselves, fondled themselves, sexually propositioned Mr. Benjamin, and masturbated in his presence. Mr. Benjamin's complaints regarding this behavior by the female detainees was not taken seriously, as he was told that he was a man and nothing would be done. Mr. Benjamin would also suffer sexual harassment at the hands of the male detainees who would expose themselves, make crude sexual comments, question Mr. Benjamin's sexuality, fondle themselves and masturbate in the presence of Mr. Benjamin. No corrective action was taken even though in most of these incidents a correctional officer was present and, when not, Mr. Benjamin would report such behavior. There were no follow-ups conducted and nurses were not adequately informed of the process that could be used to seek discipline against the offending detainees. When medical personnel would place covers over certain windows to prevent a constant view of detainees stripping and masturbating directly in front of them, correctional personnel would take the covers down. Mr. Benjamin has seen medical personnel become the victims of sexual harassment, only to be told, "Welcome to the County" and "that's your job," with no corrective action being taken. Correctional Sergeants were more inclined to question nurses regarding the propriety of their behavior than write detainees up for their sexual misconduct.

45.     Plaintiff Perfecto Bermudez has been employed as a registered nurse for almost 20 years.  Mr. Bermudez has been subjected to repeated harassment in the period between 2003 to 2023 while working Cermak Division 8 and Division 10. In Cermak, this included times he worked in Urgent Care, Psychiatric Department, the Second Floor, RTU, and the Dorms. This harassment has included sexually harassing conduct and comments. Female detainees exposed themselves, sexually propositioned Mr. Bermudez, made vile sexually suggestive comments, and masturbated in his presence on multiple occasions. Mr. Bermudez was also subjected to male inmates exposing themselves, making sexually suggestive remarks, propositioning Mr. Bermudez for sex, making threats of forced sexual contact, and masturbating in his presence on multiple occasions. Mr. Bermudez reported these incidents but there was no follow-up action taken and he was never asked to complete any paperwork.

46.     Plaintiff Julian Binns has been employed as a deputy sheriff for approximately 25 years. Mr. Binns has been subjected to sexual harassment on multiple occasions, including in 2022 and 2023, while assigned to courtrooms in the George Leighton Courthouse. This sexual harassment has included male detainees exposing themselves and fondling themselves in the presence of Mr. Binns. This behavior has occurred multiple times (approximately 10 to 12) in the years immediately preceding 2020. Some supervisors have felt that their hands have been tied and not much can be gained from them. Other supervisors simply do not want to deal with it. The only correction action that was taken was that the offending inmate was placed in a green jumpsuit. If already in a green jumpsuit, there would be no corrective action taken.

47.     Plaintiff Jermaine Brinner has been employed as a deputy sheriff / correctional officer for approximately 12 years. Throughout his employment, Mr. Brinner was subjected to detainees masturbating in his presence when female deputies would walk past in Receiving,

Divisions 5 and 6, and Cermak Health Services. Sometimes the response to these incidents involved nothing more than ineffective verbal commands and placing the detainee in a different cell. Sometimes tickets were written, but most times nothing would come of them.

48.     Plaintiff Eddie Cole has been employed as a CCDOC Deputy Sheriff / Correctional Officer for approximately 29 years. Since 2019, Mr. Cole has been subjected to continuing incidents of detainees masturbating in his presence in External Operations at Cook County Jail, as well during medical visits to Mt. Sinai Hospital and Stroger Hospital. This sexual harassment has occurred 10 to 12 times, including multiple times in the last two years. In most instances involving a male employee, a detainee is just told to stop. Some of the detainees were already in green jumpsuits and that did not stop the behavior. No corrective action would be taken.

49.     Plaintiff Carlos Conley was employed as a correctional officer for over 30 years before retiring in September 2022. While assigned to Division 6 and External Operations, Mr. Conley was subjected to sexual harassment on multiple occasions. Over the course of his last year on the job, Mr. Conley was subjected to between 5 and 10 incidents in which male detainees would expose themselves, inappropriately fondle themselves, and masturbate in Mr. Conley's presence. This included instances when Mr. Conley was guarding the detainees at local hospitals. This aberrant sexual misconduct was frequently accompanied by vile and sexually suggestive remarks, like "I have not seen a bitch in months," "do you like what you see," "come on and suck it," and "she knows that she wants this dick."  Mr. Conley frequently found that the green jumpsuits that certain offenders wore were tattered, torn, and wholly ineffective to deter exposure, fondling, and masturbation. Mr. Conley was told by supervisors that detainees were allowed to engage in this sexually aberrant behavior in their hospital bed and in their cell and that trying to stop this behavior was an invasion of the detainee's privacy. Supervisors felt that their hands were tied and said that

there was nothing they could do. Mr. Conley was also told that putting up with this aberrant behavior was "part of his job" and that he should "suck it up." In the hospital setting, Mr. Conley was forced to sit in close proximity to detainees who were masturbating and refused to stop. Many of the offending detainees were repeat offenders against whom little, if any, corrective action was taken.

50.    Plaintiff Gerardo Cordova has been employed as a Cook County Correctional Officer for approximately 23 years. While assigned to the Transportation Unit, Mr. Cordova was subjected to sexual harassment on multiple occasions in vehicles while transporting detainees (approximately three times) and near Division 9 recreation areas (approximately 5 times) in the last two years. With respect to the recreation area near Division 9, multiple inmates would in unison expose themselves, inappropriately fondle themselves, and/or masturbate towards Mr. Cordova. Mr. Cordova contacted Division 9 in an attempt to get correctional officers to address the ongoing behavior only to have each one of those attempts stifled with claims that the recreation time of the detainees could not be interfered with. Mr. Cordova also had to do more work, and endure more sexual harassment, on days he was assigned with a female partner; when transporting detainees, he had to step in and deal with the offending detainees. No corrective action was taken against the detainees when a male is a victim of the sexual harassment as there is no expectation that a report will even be taken. Instead, men are expected just to do their job and accept the sexual harassment.

51.    Plaintiff Darrell Driver has been employed as a Cook County Correctional Officer / Deputy Sheriff for almost 18 years. While assigned to Division 6 and the Mental Health Treatment Center, Mr. Driver was subjected to sexual harassment on multiple occasions. Over the course of the last two years while assigned to the Mental Health Treatment Center, Mr. Driver was

subjected to approximately 10 incidents in which male detainees would expose themselves, inappropriately fondle themselves, and masturbate in Mr. Driver's presence. When Mr. Driver brought one recidivist masturbator to a supervisor's attention to have the detainee disciplined, the supervisor indicated that the detainee needed a psych evaluation. When the detainee refused the evaluation, the supervisor indicated that ended the matter because he could not be forced to undergo a psych evaluation. While assigned to Division 6 in the period of 2017 through 2020, Mr. Driver experienced repeated sexual harassment from transgender detainees who would sexually proposition Mr. Driver while making crude sexual remarks. When this issue was brought to the attention of a supervisor, the matter was treated as a joke. At times, supervisors have laughed and told Mr. Driver that he should not be looking at masturbating detainees and that he should just ignore the behavior. Others have engaged in victim blaming, asking Mr. Driver in an accusatory manner, "Why were you looking at him doing that?" If paperwork against a masturbating detainee is generated or attempted to be generated by a male officer, that officer will be mocked by numerous individuals. No corrective action is taken against the detainees engaging in this sexually aberrant behavior. Many of the offenders who engaged in this behavior on repeated occasions were clothed in brown khaki DOC uniforms even though they were supposed to be wearing green jumpsuits.

52.     Plaintiff Augustine Echegwo has been employed by Defendant Cook County as a nurse for approximately 20 years. While working in Divisions 2, 4, 6, 9, and 10, Mr. Echegwo was subjected to sexual harassment. This sexual harassment included detainees exposing themselves, fondling themselves inappropriately, and/or masturbating in his presence. At least three incidents of detainees masturbating in his presence have occurred, including in or around June 2014, September 2018, and August 2022. Inappropriate behavior still occurs on a weekly basis; it would

occur even more frequently in Divisions 9 and 10. Mr. Echegwo understood that the Department of Corrections did not entertain complaints about this type of conduct from men.

53.     Plaintiff Clifford Estrella has been employed by Defendant Cook County since March 2020 as a registered nurse. Throughout his employment, Mr. Estrella was subjected to multiple incidents of sexual harassment in RTU 2nd, 3rd, 4th, and 5th floor. This sexual harassment included detainees exposing themselves and/or masturbating in his presence, most recently in approximately June 2022. Mr. Estrella made reports of these incidents to members of the Cook County Sheriff's Office. Sometimes the detainees would receive tickets and go into segregation, sometimes the detainees would simply be taken to the bullpen.

54.     Plaintiff Tyrone Felix has been employed as a CCDOC Correctional Officer for approximately 22 years. While assigned to various parts of the jail complex, including Division 5, Division 6, Division 3, and Cermak from 2003 through 2022, Mr. Felix was subjected to sexual harassment. This sexual harassment included female detainees exposing themselves, fondling themselves and masturbating in Mr. Felix's presence. Mr. Felix was also subjected to male detainees exposing themselves, fondling themselves inappropriately and masturbating in Mr. Felix's presence. This sexual harassment has occurred in Cermak on an almost daily basis over the last two years. When Mr. Felix attempted to report incidents of sexual harassment committed by female or male detainees, the supervisors would not treat these reports seriously and would just crack jokes. Enduring this behavior was considered part of the job and there was no corrective action taken against any of the offending detainees.

55.     Plaintiff Vince Garrett has been employed as a CCDOC Correctional Officer for approximately 24 years. While assigned to External Operations since 2017, Mr. Garrett was repeatedly subjected to sexual harassment. This sexual harassment included male detainees

exposing themselves, fondling themselves inappropriately and masturbating in Mr. Garrett's presence. Over the last two years alone, this has occurred between 15 and 20 times, usually when Mr. Garrett was assigned to guard detainees at hospitals. During these assignments, Mr. Garrett would be required to sit in close proximity to the masturbating detainees who almost always would ignore verbal orders to cease the offending behavior and continue to masturbate. Supervisors would not take action, with only rare instances of coming to the offending detainee and giving further verbal orders to cease. Men were assigned to these assignments and, as such, had to endure more of this aberrant sexual behavior with repeat assignments involving known recidivist masturbators. Enduring this behavior was considered part of the job and there was no corrective action taken.

56.     Plaintiff Clint Gonzalez has been employed as a Cook County Correctional Officer for over 27 years. While assigned to the Transportation Unit over the last decade, Mr. Gonzalez was subjected to sexual harassment on multiple occasions in vehicles, in Receiving, and in outlying courthouses while transporting detainees. This included approximately eight to ten incidents over the last two years. Mr. Gonzalez was subjected to male detainees inappropriately exposing themselves, fondling themselves, and masturbating in his presence. Mr. Gonzalez was repeatedly told, including multiple times at roll call by his supervisor, that dealing with this sexual misconduct was part of the job and there was nothing that could be done about it.  Mr. Gonzalez was told that he could tell detainees to stop, but that he could not take any action if the detainee refused to stop his ongoing sexual misconduct. Many of the offending detainees were already wearing a green jumpsuit, were repeat offenders, and still would routinely engage in this sexually harassing behavior. Mr. Gonzalez has gotten more assignments to deal with these offending detainees and has had greater exposure to their sexually aberrant behavior because he is a man.  No corrective

action is taken against the detainees when a male is a victim of the sexual harassment; complaints made by males regarding this behavior are not taken seriously.

57.     Plaintiff Antoine Greer has been employed as a Cook County Correctional Officer for approximately 22 years. While working in Division 5 from 2011 to 2015, Division 2 from 2015 to 2017, and Cermak Health Services from 2017 to the present, Mr. Greer has been repeatedly subjected to detainees exposing their genitals and making lewd comments. Mr. Greer was generally told that this was "part of the job."

58.     Plaintiff Joberth Gutang has been employed by Defendant Cook County as a registered nurse for over 8 years. From 2016 through the end of 2021 while assigned to Division 8 RTU Second Floor, Mr. Gutang was repeatedly subjected to sexual harassment. This sexual harassment included male detainees inappropriately exposing themselves, fondling themselves, and masturbating in his presence. During the later part of 2021, the sexual harassment was occurring two to three times a month. This sexual harassment was frequently accompanied by vile, crude, and sexually suggestive comments, including comments directed at Mr. Gutang's sexuality. Despite complaints and correctional officers being in the general vicinity, no corrective action was taken as the correctional officers were reluctant to confront detainees over their behavior. Mr. Gutang was told that these people were criminals and this is the way that it is.

59.     Plaintiff Orpheus Hannah was employed as a Cook County Correctional Officer for over 30 years. While working in Transportation, Receiving, the Markham Courthouse, the George Leighton Courthouse, and during Video Court, Mr. Hannah was subjected to sexual harassment. Between 2015 and 2022, Mr. Hannah was subjected to male detainees inappropriately exposing themselves, fondling themselves, and masturbating in his presence. This sexual harassment occurred in a variety of places, including in Receiving, during Video Court, in various County

vehicles, and in the bullpens of different courthouses. This harassment would occur as much as 3 to 4 times a week when Mr. Hannah was working Video Court and Transportation in 2021-22. This sexual harassment was frequently accompanied by vile, crude, and sexual suggestive comments, the worst of which included threats of rape. In some instances, temporary corrective action was taken such as trying to isolate the offending detainee, shield them from being able to see others, and shackle them. Mr. Hannah was told by supervisors that putting up with the abuse was part of his job and that male officers had no recourse when they were the victims of the harassment. Supervisors would not write up detainees if male officers were the victim of their abuse, going so far as to mock male officers who requested a detainee be written up. Mr. Hannah would frequently be called in to deal with actively masturbating detainees so that his female colleagues would not have to deal with the situation.

60.     Plaintiff Geoffrey Howard has been employed as a Correctional Officer for over 29 years. While working in External Operations since 2013, Mr. Howard was repeatedly exposed to sexual harassment. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence on countless occasions. Most recently, this sexual harassment has happened between 12 and 25 times in the last two years with the last incident occurring in March 2023. This harassment would usually occur as Mr. Howard was assigned to stand guard over detainees at various hospitals, including Stroger Hospital, Loyola, Mt. Sinai, Schwab Rehab, and the University of Chicago. At the hospitals, recidivist detainees do not wear their identifying green jumpsuits and their special pink IDS are kept separately from the detainee; this makes identification of recidivist offenders unnecessarily difficult and leads to more offending behavior. If a male officer would seek to have an offending

detainee written up, it is likely that officer would be mocked. At most, there would be some verbal reprimand, which was almost always ineffective.

61.     Plaintiff Dennis Isom has been employed by Defendant Cook County as a nurse / LPN since 2015. Throughout his employment, Mr. Isom has been subjected to multiple incidents of detainees exposing their genitals and/or masturbating in his presence in Division 8 Cermak and RTU (4th and 5th floor). Correctional officers that witnessed the conduct did nothing in response, usually telling Mr. Isom "I don't want to do the paperwork." In fact, when Mr. Isom complained, correctional staff instigated further harassment from inmates against Mr. Isom, making already hellish conditions even worse.

62.     Plaintiff Jermaine Jackson has been employed as a Cook County Correctional Officer / Sheriff's Deputy since 2004. While working in RCDC throughout his employment, Mr. Jackson was subjected to regular incidents of detainees exposing their genitals, fondling themselves inappropriately, and/or masturbating in his presence. This has occurred approximately 10 times in the last two years. Although Mr. Jackson reported these incidents to his supervisors, only some of the offending detainees received disciplinary time in segregation. Complaints from male employees are not worth writing up according to certain supervisors, with male employees expected to accept this behavior. Often, supervisors will take the position that if the detainee has stopped actively masturbating there is no further action to be taken.

63.     Plaintiff Tom Johnson has been employed as a Cook County Correctional Officer for approximately 28 years. While assigned to Transportation and Division 9, Mr. Johnson was subjected to sexual harassment on multiple occasions. This sexual harassment occurred in the bullpens in Receiving and on various County Transport vehicles, most recently in March 2023. This harassment has occurred approximately weekly over the last two years. It has included male

detainees inappropriately exposing themselves, fondling themselves, and masturbating in his presence. This sexual harassment was frequently accompanied by vile, crude, and sexually suggestive comments that requested sexual favors. Although detainees were given verbal orders to stop, there was no immediate corrective action taken against the offending detainees. Supervisors are more concerned with ensuring the timely movement of detainees and would not understand, accept, or permit daily activities to be paused or halted so that discipline could be initiated against an offending detainee. Detainees know this and will often ignore verbal commands to stop, knowing that there will be no consequences for their behavior.

64. Plaintiff Bill Kennedy has been employed as a Cook County Deputy Sheriff for over 22 years. While working in the George Leighton Courthouse, Mr. Kennedy has been subjected to sexual harassment on multiple occasions over the last 6 or 7 years. This includes between 5 and 10 times during the last two years. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This would occur in the lock-ups behind the courtrooms and in the holding cells in the basement of the courthouse. At its worst, this sexual harassment would occur daily; at other times, approximately once a month. No corrective action was taken and no disciplinary paperwork was generated. At most, there would be some verbal reprimand, which detainees ignored. Supervisors responded poorly and would tell Mr. Kennedy not to worry about it and that it was his job to deal with it.

65. Plaintiff Kalson Lacy has been employed as a Cook County Deputy Sheriff for over 21 years. While working in Transportation, Receiving, in Division 4 Zoom Court, and the Markham Courthouse since 2013, Mr. Lacy has been subjected to sexual harassment on multiple occasions. This has occurred most recently in 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his

presence. Some of these instances were motivated towards Mr. Lacy because he was a man with detainees talking about specific sex acts in relation to Mr. Lacy including threats to masturbate on him. There would be verbal instruction given for the detainee to stop, but no corrective action would otherwise be taken even after supervisors were informed of the detainees' actions. This was particularly true in male-on-male incidents of sexual harassment with some supervisors telling Mr. Lacy that "you have one [a penis], you're used to seeing it all day long, what's the problem?" Supervisors would tell Mr. Lacy that maybe the detainees would stop this behavior and would not do it next time.

66.     Plaintiff Mike LaMonica has been employed as an EMT / Paramedic at the Cook County Department of Corrections for over 5 years. While working in Division 9, 3 annex, Cermak Urgent Care and RTU, Mr. LaMonica has been repeatedly subjected to sexual harassment. This sexual harassment occurred weekly or every other week (approximately 60 to 100 times in total) in Division 9 and Cermak during the period of 2021-22. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This sexual harassment was frequently accompanied by vile, crude, and sexually threatening comments, up to and including rape.  Previously, Mr. LaMonica was exposed to sexual harassment in the form of female detainees exposing themselves, touching themselves inappropriately, and masturbating in front of Mr. LaMonica.  Female detainees would grab and touch Mr. LaMoncia inappropriately and simulate sexual activity while Mr. LaMoncia was attempting to administer medical attention. Correctional officers would frequently laugh at this behavior by female detainees and not take any action. No corrective action was taken and little if any disciplinary paperwork was generated against male (little) or female detainees (none) even

though correctional officers were present and LaMonica requested that such action be taken. Some correctional officers appeared reluctant or afraid to intervene and confront the offending detainees.

67.     Plaintiff Shawn Lowe has been employed as a correctional officer for over 29 years. While working in External Operations, Mr. Lowe was repeatedly exposed to sexual harassment. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. The most recent instances of harassment occurred in 2021 and 2022. This harassment would usually occur as Mr. Lowe was assigned to stand guard over detainees at various hospitals, including Stroger Hospital and Mt. Sinai. Mr. Lowe would have to remain near the masturbating detainees even as they continued masturbating until ejaculating. No corrective action was taken and no disciplinary paperwork was generated.

68.     Plaintiff Bernard McNutt has been employed as a Correctional Medical Tech (CMT II) at the Cook County Department of Corrections for approximately 25 years. Mr. McNutt was repeatedly subjected to sexual harassment while working throughout the Jail compound, primarily in Division 9 and in Cermak. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This has occurred approximately 7 or 8 times in the last two tears, usually when passing medications or at the dispensary. Mr. McNutt has received certain assignments to deal with known masturbators because he is male. No disciplinary action was initiated; offending detainees were just temporarily relocated to their cells for a period of time and allowed to return a short time later. At times, correctional officers would refuse to initiate disciplinary paperwork, saying they had not seen anything to write up.

69.     Plaintiff John Mendez has been a Cook County Deputy Sheriff for approximately 26 years. While working in Transportation, Receiving and Video Court (held in Division 4 Gym),

Mr. Mendez was repeatedly subjected to sexual harassment. This sexual harassment occurred in the period from 2015 through 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This has occurred: a.) in County vehicles, b.) in various courthouses, c.) in Receiving, d.) while walking through various Divisions, and e.) in the area where Video Court was held. Offending detainees would only be written up only occasionally or put in green jumpsuits. Mr. Mendez was told that dealing with this aberrant sexual behavior was part of his job. Mr. Mendez was also told that only female individuals could generate paperwork and that he could not because he was a man. Further, men could not bid off or refuse to deal with masturbating detainees and were left to deal with the ongoing situation in many instances. Supervisors would turn a blind eye to this misconduct and not want to deal with it. Supervisors would shrug it off and blame the detainees' behavior on the correctional officer being unable to handle the detainee. Male officers would frequently be shamed into not complaining by supervisors. Mr. Mendez has been asked "What's the matter with you?" and told its just one of the hazards of the job when he raised the issue with supervisors. Mr. Mendez has also almost exclusively been assigned to deal with known recidivist masturbators. These recidivists were placed in green jumpsuits, but that had no effect as they continued to engage in these actions.

70.     Plaintiff William Merganthaler has been employed as a Cook County Deputy Sheriff for approximately 9 years. While working in Division 10 and Cermak between 2020 and 2023, Mr. Merganthaler was repeatedly subjected to sexual harassment. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This sexual harassment occurred in Division 10 in 2020 through 2022, including when Mr. Merganthaler was accompanying nurses during the performance of their

duties. This sexual harassment also occurred on multiple occasions in 2022 and 2023 while Mr. Merganthaler was working in Cermak. In one instance while working in Cermak on November 22, 2022, a detainee pulled out his penis and masturbated at Mr. Mergenthaler after telling him "you a goofy ass looking CO" and "going to show you something." Later, the detainee told Mr. Mergenthaler "I'm going to get you again." In this instance, a disciplinary report was generated and the detainee was placed in a green jump suit. Generally, priority is given to complaints made by female officers over male officers; frequently supervisors will not want to take or push a complaint made by a male officer.

71.     Plaintiff Robert Ogbuli has been employed as a nurse at the Cook County Department of Corrections for approximately seven years. While working in RTU (Second Floor) in 2021 through 2023, Mr. Ogbuli was subjected to sexual harassment on a regular basis. This sexual harassment included over 50 incidents in the first few months of 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. Mr. Ogbuli was also subjected to female detainees exposing themselves, fondling themselves inappropriately and making sexually inappropriate gestures with their hands and mouths. This sexual harassment was often accompanied with vile, crude, and sexually suggestive remarks, including explicit sexual propositions and talk of finding Mr. Ogbuli outside of the Jail. Mr. Ogbuli has been called in to deal with certain offending detainees solely because he is a man. Mr. Ogbuli's complaints about this behavior have not been taken seriously with some correctional officers laughing them off. Others will ask if Mr. Ogbuli was physically injured, and if not, will just dismiss the misconduct as ordinary detainee behavior. No corrective action is taken.

72.     Plaintiff Kingson Olikagu has been employed as a Nurse (CN1) at the Cook County Department of Corrections for almost three years. While working in Division 6, Division 8 RTU, and 3 Annex in 2021 through 2023, Mr. Olikagu has been repeatedly subjected to sexual harassment, including at least 30 separate incidents. This sexual harassment included male detainees exposing themselves and fondling themselves inappropriately, and female detainees exposing themselves and making sexually provocative movements. When the female detainees are acting out sexually, the behavior is not taken seriously with correctional officers frequently laughing instead of addressing the issue. This sexual harassment by male and female detainees is often accompanied with vile, crude, and sexually suggestive remarks including explicit sexual propositions. Such comments are routinely dismissed by correctional officers as ordinary Jail talk. Correctional officers will not make detainees cover themselves and will not take action against those that expose themselves. Correctional officers will rarely, if ever, address the sexual misconduct by the detainees. No corrective action is taken.

73.     Plaintiff Ryan Ortell has been employed as a Cook County correctional officer for over 22 years. Mr. Ortell was repeatedly subjected to sexual harassment while working in Cermak 2 North in 2014 and 2015, in Division 8 RTU in 2016 and 2017, with the Court Movement Team, and in Receiving from 2021 to 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This occurred when detainees were in common areas and in their cells during the counts. Frequently, this sexual harassment was accompanied by vile, crude, and sexually explicit comments. At times, this harassment would occur frequently, such as when Mr. Ortell worked in RTU and Cermak. This harassment has occurred three to five times over the last two years when Mr. Ortell was working in Receiving. In these most recent instances, no reports were generated or discipline initiated with

the offending detainees merely being separated from other inmates on a temporary basis. Most of the veteran officers and supervisors just want to move the day along and not take the time to initiate discipline. They just tell the offending detainee to stop it.

74.     Plaintiff Warren Parker has been a Cook County Correctional Officer for approximately 7 and a half years. Mr. Parker was subjected to sexual harassment on multiple occasions. While working in Division 10 in the period of 2017 through 2021, Mr. Parker was subjected to male detainees exposing themselves, fondling themselves inappropriately, and masturbating. This behavior was often accompanied by crude, vile and sexually inappropriate comments, including comments from detainees asking if Mr. Parker wanted to perform oral sex on the detainee. Supervisors would not push complaints made by male employees with male employees expected to accept the sexual harassment and just get through the day.

75.     Plaintiff Darnez Perkins has been employed as a Cook County correctional officer for approximately 24 years. Mr. Perkins has been repeatedly subjected to sexual harassment. This harassment occurred from 2005 through 2023 while Mr. Perkins was working in Receiving, Division 5, Post OE, and Division 1. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This harassment would occur on average two to three times a month. The detainees engaged in such behavior without fear of discipline or consequences for their sexual misconduct. According to his supervisors, when it came to detainees like this there was no paperwork. Mr. Perkins was told that he just needed to put up with their behavior because he was a man. There was no corrective action taken.

76.     Plaintiff Fred Perry has been employed as a Cook County Deputy Sheriff / Correctional Officer for approximately 16 years. Mr. Perry was subjected to sexual harassment on

multiple occasions in the period from 2006 through 2023 while working in Division 9, Division 4, and Division 11. There have been at least 7 to 10 incidents in the last two years while Mr. Perry was working in Division 11. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. Mr. Perry was also subjected to female detainees exposing themselves, fondling themselves and each other inappropriately and masturbating. The sexual harassment was accompanied by vile, crude, and sexually inappropriate comments, including explicit sexual propositions. There was no corrective action taken. Initially, supervisors would tell Mr. Perry that dealing with this behavior was part of the territory. Supervisors would further say that these guys were locked up and what do you expect them to do, especially if they were in their cell. Write-up of detainees for sexually inappropriate behavior on the part of detainees was rarely, if ever, completed if a male officer was a victim of the sexual harassment. Mr. Perry was called upon to step in and deal with offending detainees simply because he was male. Mr. Perry also received specific assignments that involved a high percentage of recidivist masturbators because he is male.

77.    Plaintiff Alfred Phillips has been employed as a Cook County deputy sheriff for almost 20 years. While working in Male Holding and in the Division 5 Tunnel from the period of 2016 through 2022, Mr. Phillips was repeatedly subjected to sexual harassment. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in Mr. Phillips' presence. Mr. Phillips was subjected to detainees ejaculating through the cell doors on multiple occasions.

78.    Plaintiff Raymond Pope has been employed as a Cook County Correctional Officer / Deputy Sheriff for approximately 25 years. Throughout his employment, Mr. Pope was subjected to sexual harassment. This harassment occurred when Mr. Pope was working in Division 10,

Receiving, and in the Leighton Criminal Courthouse from 1997 to the present. This sexual harassment included detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. At times, Mr. Pope was subjected to group masturbation during which multiple detainees would masturbate simultaneously making it impossible to stop. Mr. Pope was discouraged from writing up reports because he was a male officer. Sometimes reports were created in response to these incidents, but many times they were not.

79.     Plaintiff Daniel Popp has been employed as a Cook County Deputy Sheriff for over 24 years. Mr. Popp has been subjected to sexual harassment while working in Division 11 in 2021 and 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This harassment was often accompanied with vile, crude, and sexually suggestive and threatening remarks, including explicit sexual propositions. At times, offending detainees would be laughing or smiling and looking directly at Mr. Popp. Verbal directions to stop were ignored. Offending detainees were temporarily removed from the pod and disciplinary tickets were written.

80.     Plaintiff Errol Preston has been employed as a Cook County correctional officer for over 10 years. While working in RTU (Second, Third, Fourth, and Fifth Floors), Mr. Preston was repeatedly subjected to sexual harassment. This sexual harassment occurred in the period from approximately 2014 through 2023. This sexual harassment occurred approximately 3 to 4 times a week as of March 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. Mr. Preston was also subjected to female detainees exposing themselves, fondling themselves inappropriately, and openly masturbating. Complaints by female officers and staff are treated more seriously and given

priority with male officers expected to handle the situation. Males will be teased if they complain about this behavior.

81.    Plaintiff Morris Purnell has been employed by Defendant Cook County as an environmental services supervisor for approximately 9 and ½ years. While working in Cermak Health Services and Division 9, Mr. Purnell was subjected to incidents of detainees exposing their genitals and masturbating in his presence, including at least as recently as August 2022. Detainees would be laughing while engaging in this aberrant behavior. Correctional officers would tell the detainees to stop and try to cover the glass on the detainees' cells; the glass could not be completely covered. Detainees would continue to masturbate despite repeated verbal directions to stop. Mr. Purnell believed based on the culture and innerworkings of the Jail that completing paperwork regarding these incidents would not go anywhere because he is a man.

82.    Plaintiff Deral Robinson has been employed as a Cook County Deputy Sheriff for the last 25 years, rising to the rank of Sergeant. Mr. Robinson was subjected to sexual harassment on multiple occasions while working in Division 11 from 2019 through 2021 and in Division 6 in 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Mr. Robinson. This sexual harassment was frequently accompanied with vile, crude and inappropriate sexual comments, including comments referencing specific sexual acts and members of Mr. Robinson's family. Mr. Robinson was also subjected to sexual harassment in 2023 when female detainees exposed themselves while in the bullpen. There was no response to these incidents and no corrective action was taken. Recidivist masturbators who are supposed to be in green jumpsuits will frequently obtain standard khaki uniforms in a variety of ways, which will allow them to masturbate easier. Male officers are not allowed to do reports. Supervisors will sometimes joke about this sexual misconduct when a male

complains but will usually just move on with male employees reluctant to push the issue. In all his time as a Sergeant, Mr. Robinson has only heard that there has been a report by a man, but has never taken one. Mr. Robinson's supervisors do not want to deal with these incidents and will often refuse to come to the scene.

83.     Plaintiff Andre Rogers has been employed as a Cook County Deputy Sheriff for almost 12 years. Mr. Rogers was subjected to sexual harassment while assigned to Division 9 and Division 10 during the years of 2011-12 and 2014-16, and in Cermak from 2022 and 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence on a regular basis. This has occurred between 10 and 20 times in Cermak in 2022 and 2023. This also included instances when the detainees would stick their penises through open chuckholes and masturbate. Detainees would be issued a disciplinary ticket only if a female officer was involved. Male officers would not write up offending detainees. Male officers would frequently be assigned to more difficult assignments with a greater number of repeat masturbators. Otherwise, the detainee would just be placed in his cell if this sexual misconduct occurred in the open.

84.     Plaintiff Brian Ruzanski has been employed as a Cook County Deputy Sheriff / Correctional Officer for approximately 19 years. While working in Division 1 (2010-2013), RTU (2015), and Cermak Health Services (2016-present), Mr. Ruzanski has been subjected to multiple incidents of detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. Most of these incidents were chalked up as another day in the office. Up until recently, when write-ups did occur, most were thrown out or resulted in a slap on the wrist. This was so even though most of the offending detainees were chronic masturbators who were already identified and placed in green jumpsuits.

85.     Plaintiff Bryan Sanchez has been employed as a Cook County Correctional Officer for almost 10 years. While assigned to RTU (2015-2021) and Cermak (2021-2022), Mr. Sanchez was subjected to sexual harassment on multiple occasions. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. No corrective action was taken. Supervisors would generally just want to get through the day; they gave the impression that they did not want male officers to write incidents up and instead wanted male officers to deal with the offending detainees on their own.  Sometimes when Mr. Sanchez informed supervisors of the aberrant sexual behavior, he was told that nothing would be done because detainees had mental health issues. Complaints involving female officers were taken more seriously than those involving male officers.

86.     Plaintiff John Scarpelli has been employed as a Cook County Correctional Officer for approximately 18 years. Mr. Scarpelli was subjected to detainees masturbating in his presence in the Criminal Courts Bridge in view of other correctional officers and sergeants from 2016 to 2023 while assigned to Receiving. This initially would occur on a daily basis and would occur on a weekly basis from 2020 through the early part of 2023. Mr. Scarpelli has also experienced sexual harassment of this type twice since April of 2023 while assigned to External Operations and guarding detainees at local hospitals. No corrective action was taken. Generally, supervisors would want Mr. Scarpelli himself to deal with the situation to get through the day without generating paperwork. Generally, incidents involving female correctional officers were taken much more seriously than those involving male employees.

87.     Plaintiff Julius Shelby was employed as a Cook County Correctional Officer for 30 years before retiring in May 2022. While assigned to External Operations from 2016 to 2022, Mr. Shelby was subjected to sexual harassment. This sexual harassment included male detainees

exposing themselves, fondling themselves inappropriately, and masturbating in his presence with the most recent incident occurring in late 2021 or in 2022. This sexual harassment would be accompanied by crude, vile and sexually inappropriate comments. Mr. Shelby would issue verbal direction to the detainees to stop, but detainees would often just continue while Mr. Shelby was forced to stay in close proximity. At times, offending detainees would be written up, but many other times no disciplinary paperwork was initiated. Certain supervisors would not even respond to calls regarding this behavior and would only come if the call involved acts of violence. Mr. Shelby would try to write these incidents up, but could not in many instances because supervisors would not come with the necessary paperwork. Mr. Shelby was told that it was a waste of time to do so because the detainees were already in the hole. It was all a paper shuffle for show and incidents would only be written up if a woman was involved. Male officers were expected to deal with offending detainees on a man-to-man basis. Many of the offending detainees were not disciplined. Further, it was very difficult to know who the recidivist masturbators were because when in the hospital they were not in green jumpsuits and there was no mechanism in place that allowed correctional officers to know who they were dealing with.

88. Plaintiff Stan Sliva has been employed as a Cook County correctional officer for approximately 19 years. While working in Cermak, including in Staging, the Emergency Room, 2 South and 2 North, Mr. Sliva was repeatedly subjected to sexual harassment. This sexual harassment occurred in the period from 2010 through the end of 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This sexual harassment was accompanied by vile, crude, and sexually inappropriate and threatening remarks, including threats of rape to Mr. Sliva. This sexual harassment would occur weekly, including from April 2021 through the end of 2022. At times,

detainees would smear their semen on nearby windows. Mr. Sliva would also be subjected to sexual harassment when female detainees would expose themselves and behave inappropriately in a sexual manner. At times, only verbal directions to stop were issued without any discipline being initiated. Supervisors would be indifferent most times, not caring if a report was generated and telling Mr. Sliva that dealing with it was part of his job. Men were regularly expected to deal with the offending detainees more than their female counterparts. Any complaints made by male officers about this sexual misconduct would be routinely ignored. Often, the supervisors would just blame the detainees' behavior on the mental health of the detainees and say that there was nothing that could be done.

89. Plaintiff Darren Sopczak has been employed as a Paramedic / ERT for almost 28 years. Mr. Sopczak has been subjected to sexual harassment while working in Division 8 RTU. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Mr. Sopczak. These incidents have been ongoing for the last decade and have occurred at least twice over the last two years. They are frequently accompanied by vile, crude, and sexually inappropriate comments. They also have been accompanied by detainees throwing urine and feces at Mr. Sopczak. No corrective action has been taken.

90. Plaintiff Sha'man Spann has been employed as a Cook County Deputy Sheriff for approximately 18 years. Throughout his employment, Mr. Spann has been subjected to incidents of detainees masturbating in his presence at Cermak Health Services. This has occurred approximately 10 times in the last two years, including in June 2022. Complaints from male employees are written up far less frequently and not taken seriously with men being questioned

about the incident in a manner intended to discourage a formal complaint being written up, *i.e*, "Why didn't you tell him to stop?"

91.     Plaintiff John Spruill has been employed as a Cook County Deputy Sheriff for almost 18 years. From 2017 through 2022, Mr. Spruill was subjected to repeated sexual harassment while working in Division 8 RTU, Division 10, Division 4, and Cermak. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in Mr. Spruill's presence. When men were the victim of this harassment, discipline was rarely, if ever, initiated. In many instances in Cermak, discipline was not initiated with personnel just covering the window of the offending detainee.

92.     Plaintiff Terrance Stampley has been employed as a Cook County Correctional Officer for approximately 24 years. While working at Stroger Hospital from April 2019 to November 2021, Mr. Stampley was subjected to multiple incidents (approximately 12 times) of detainees exposing themselves, fondling themselves inappropriately and masturbating in his presence. This last occurred near the end of 2021. Based on the culture of jail, complaints from male employees regarding this behavior were not brought as male employees were expected to accept this behavior and just get through the day. To Mr. Stampley's knowledge, no corrective action was taken in response to these incidents.

93.     Plaintiff Richard Sullivan has been employed as a Cook County Deputy Sheriff for approximately 28 years. Mr. Sullivan was repeatedly subjected to sexual harassment from 1994 through 1999 while working in Division 10 and Division 11, and in the period from 2015 to 2023 while working in External Operations, Division 5, Court Movement, and Division 16 MHTC.  This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in Mr. Sullivan's presence. This sexual harassment would occur

all the time when Mr. Sullivan worked in Division 10, Division 1, Division 5, and in External Operations. It has also occurred at least 10 times in the last two years while Mr. Sullivan has worked in Division 16. This harassment was frequently accompanied by vile, crude, and inappropriate sexually suggestive comments. Mr. Sullivan brought this behavior to the attention of his supervisors to no avail. Some laughed at him and told him to toughen up. Others would just tell him it was part of his job and would not discipline the offending detainees. There was little, if any, discipline initiated with detainees being temporarily removed from the area in some instances. In his current assignment, supervisors' hands are tied and they will not react because they are under directives not to. Often, supervisors in Division 16 recognize the issue but will refuse to take action on the grounds that detainees should be able to do whatever they want in their bedroom — even in a dormitory setting with an officer watching. Based on the innerworkings and culture of the jail, Mr. Sullivan believes that his complaints were disregarded because he is a man.

94.     Plaintiff Marvin Tankson has been employed as a Cook County Deputy Sheriff for approximately 17 years. Mr. Tankson has been repeatedly subjected to sexual harassment from 2012 up to and including 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. Although this sexual harassment has occurred in a number of different parts of the Jail compound including Division 9, Division 10, and Cermak RTU, most of the sexual harassment has occurred when Mr. Tankson was working in Division 11 and in Transportation. At its height, this sexual harassment occurred on a daily basis. This sexual harassment occurred in County vehicles, in the dayrooms, and in cells during checks; it would sometimes last for Mr. Tankson's entire shift. There have been at least 25 to 30 incidents in the last two years. The sexual harassment is frequently accompanied by crude, vile, and sexually inappropriate comments, including sexual propositions to Mr.

Tankson. Although Mr. Tankson wrote the offending detainees up, no corrective action was taken. Male officers just have to take this aberrant behavior as no one cares if it happens to a man. Many supervisors have the attitude that if you are a man, you just deal with it. At most, offending detainees would be issued a green jumpsuit and wind up right back on the same tier only to reoffend.

95.     Plaintiff Glenn Trammell has been employed as a physician assistant at the Cook County Department of Corrections for over 26 years. During that time, Dr. Trammell was repeatedly subjected to sexual harassment while working in Division 3, Division 4, Residential Classification and Diagnostic Center, and Cermak Urgent Care. This sexual harassment included female detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This sexual harassment has occurred as recently as 2022. This sexual harassment was frequently accompanied by crude, vile, and explicit inappropriate sexual comments, including sexual propositions. Many female detainees would try and grab Mr. Trammell's genitalia. No corrective action was taken with only ineffective verbal directions given by nearby correctional officers in some instances. Mr. Trammell would be forced to remove himself from the area where the sexual harassment was occurring. The culture of the Jail is for male employees to accept the sexual misconduct as part of their job. Female detainees are not disciplined for sexual misconduct committed against male employees.

96.     Plaintiff Glenn Turner has been employed as a Cook County Deputy Sheriff for approximately 21 years. Mr. Turner was subjected to sexual harassment on multiple occasions while working in RTC and Cermak, including at least as recently as October 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately,

and masturbating in his presence. Nothing is ever done about this problem and no corrective action was taken.

97.     Plaintiff Michael Turrise has been employed as a Cook County Deputy Sheriff for approximately 18 years. Mr. Turrise was repeatedly subjected to sexual harassment while assigned to External Operations and Division 16 MHTC during the period from 2018 to 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. While working in External Operations from 2018 through 2020, these incidents would occur approximately twice a week. In the last two years, these incidents occurred approximately 5 or 6 times while Mr. Turrise was working in Division 16 MHTC. The sexual harassment was often accompanied by crude, vile, and sexually inappropriate comments. On one occasion, a detainee was given a pink ID identifying him as a known masturbator. Supervisors really want to avoid the problem. Their attitude is that this is what correctional officers signed up for and if they do not like it they can quit. If a male correctional officer would complain of this behavior, the officer would be ridiculed with supervisors asking them if he liked watching. There is a lack of consistency, communication, and efficiency in the time it takes offenders to be taken before the hearing board. This has resulted in some detainees not being put into a green jumpsuit until they had masturbated to staff as many as 10 times.

98.     Plaintiff Glen Webb has been employed as a Cook County Correctional Officer / Deputy Sheriff for almost 18 years. Mr. Webb has been repeatedly subjected to sexual harassment from 2021 through 2023 while working in Cermak in the Psych Unit and Staging Area. This sexual harassment would occur daily in the Psych Unit and between 4 and 6 times when Mr. Webb was working in the Cermak Staging Area. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Mr. Webb.

This sexual harassment has been accompanied by vile, crude and sexually inappropriate comments including sexual propositions directed at Mr. Webb. At times, supervisors were dismissive of complaints made by Mr. Webb, just pushing through the day and expecting him to accept this behavior. Disciplinary action is not always initiated or followed up on if initiated.

99.     Plaintiff Aaron Williams has been employed as a Cook County Deputy Sheriff for approximately 12 years. Mr. Williams was repeatedly subjected to sexual harassment while working in Division 9, Division 10, and Receiving from 2010 to 2023. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Mr. Williams. In Division 9, this sexual harassment would occur three to four times a day during the six years he was there (2014-20). In Division 10 where Mr. Williams worked from 2010 to 2012, this sexual harassment would occur approximately twice a day. Mr. Williams was subjected to this type of sexual harassment approximately twice a week when he was working in Division 4 in 2020 and 2021. Mr. Williams is exposed to this sexual harassment quite often in his current assignment of Receiving where Mr. Williams has worked in 2022 and 2023. The sexual harassment would be accompanied by vile, crude and sexually inappropriate comments including comments about Mr. Williams' friends and family. Mr. Williams would tell his supervisor about this sexual misconduct, but nothing would really happen. Supervisors would tell Williams, "He's already in a green jumpsuit, what do you want me to do?" Supervisors would just want to get through the day and did not want to deal with it. Mr. Williams was laughed at by a supervisor for trying to bring it up and told this was an issue for women to bring up. Mr. Williams was told that putting up with this sexual misconduct was part of his job.

100.     Plaintiff Mark Wolfe has been employed as a Cook County Correctional Officer / Deputy Sheriff for over 28 years and has risen to the rank of Lieutenant. Mr. Wolfe was repeatedly

subjected to sexual harassment from 1998 to at least 2022. This sexual harassment has occurred all over the jail compound, including in Receiving, Division 6, Cermak, and Division 10. This sexual harassment would occur on an almost daily basis at times, including when Mr. Wolfe worked in Cermak from January 2021 through August 2022. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in the presence of Mr. Wolfe. Mr. Wolfe has also been subjected to sexual harassment from female detainees, who have exposed themselves, fondled themselves, and masturbated. The female detainees have also thrown bloody tampons at Mr. Wolfe. The sexual harassment was frequently accompanied by vile, crude, and inappropriate sexual comments. Because Mr. Wolfe is a man, not much was done regarding this sexual misconduct. Some detainees were written up and there was purportedly an attempt to obtain mental health treatment for some. Too often detainees will not be written up and no disciplinary action will be initiated based on the idea that it is futile to do so. As such, detainees will get away with sexual misconduct on a regular basis, thereby fostering more of this same behavior.

101. Plaintiff Tian Woodson has been employed as a Cook County Correctional Officer for over 17 years. Mr. Woodson was repeatedly subjected to sexual harassment during the period from 2013 through 2023. This sexual harassment occurred on a daily basis while Mr. Woodson was working in Division 9 and in Protective Custody. This sexual harassment included male detainees exposing themselves, fondling themselves inappropriately, and masturbating in his presence. This was done bluntly, in the open. This sexual harassment was accompanied by crude, vile, and sexually explicit comments. Verbal direction was given to offending detainees, but detainees would ignore it and continue their aberrant behavior. Masturbating detainees would be removed from the area and sheets put up to block the area from view. Initially, no corrective action

was taken against these detainees. Mr. Woodson was told not to worry about it and not to write reports. There has been no real effort to deal with the problem with people seemingly just going through the motions. Eventually, masturbating detainees were given green jumpsuits and pink IDs to identify them as masturbators. Still, these detainees would continue to masturbate and would alter the jumpsuits or obtain standard khaki uniforms that made it easier to do so. It was considered futile to try to initiate discipline.

102.    Plaintiff Maciej Wrzeniewski has been employed as a Cook County Deputy Sheriff / Correctional Officer for approximately 9 years. While working in Division 8/RTU from 2016 to 2017 and in Cermak Health Services from 2021 to the present, Mr. Wrzeniewski has been repeatedly subjected to sexual harassment. Mr. Wrzeniewski was subjected to multiple incidents of detainees exposing their genitals, fondling themselves inappropriately, and masturbating in his presence. Over the last two years, this harassment has occurred generally on a weekly basis, with certain weeks having multiple occurrences and certain days having multiple occurrences. As a male officer, Mr. Wrzeniewski's options were limited. Most of the time, the only response to these incidents was a verbal warning to put their penis back into their pants, or early lockup for the detainee. Supervisors generally viewed complaints as something for the female officers to make; their approach to complaints by male officers was different.

### COUNT I – 42 U.S.C. § 1983 EQUAL PROTECTION
### (All Plaintiffs against Defendants)

103.    Plaintiffs incorporate and reallege Paragraphs 1 through 102 above.

104.    At all times relevant, Defendants have acted under color of law under 42 U.S.C. § 1983.

105.    Defendants denied Plaintiffs equal protection of the laws under the 14th Amendment to the United States Constitution by tolerating widespread policies and practices,

which show deliberate indifference to the widespread sexual harassment of and sex-based discrimination against their male employees.

106.    Despite knowledge of these conditions suffered by male employees, Defendants have fostered and tolerated a culture of silence and passivity in which complaints are discouraged, ignored, and/or not legitimately investigated, and male employees are told that they have no choice but to tolerate these conditions.

107.    Defendants' deliberate indifference to these conditions and hostility towards male employees who complain is so widespread and well-settled as to constitute a *de facto* policy of sex discrimination.

108.    This *de facto* policy is and was the moving force behind the injuries Plaintiffs suffered as a result.

### COUNT II – ILLINOIS CIVIL RIGHTS ACT
### (All Plaintiffs against Defendants)

109.    Plaintiffs incorporate and reallege Paragraphs 1 through 102 above.

110.    The Illinois Civil Rights Act, 740 ILCS 23/5, provides a cause of action to any party aggrieved by a unit of State, county, or local government, which discriminates against that party on the grounds of gender or utilizes criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their gender.

111.    As set forth above, Defendants have discriminated against Plaintiffs on the grounds of their gender and utilized criteria or methods of administration that have had the effect of subjecting Plaintiffs to discrimination because of their gender.

112.    As a direct and proximate result, Plaintiffs have suffered injuries.

## COUNT III – INDEMNIFICATION
### (All Plaintffs against Defendant Cook County)

113.    Plaintiffs incorporate and reallege Paragraphs 1 through 102 above.

114.    Defendant Cook County is not only directly liable, but must also indemnify CCSO

against any amounts recovered by Plaintiffs in this action, including attorney fees. *See Carver v.*

*Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor

and against Defendants, awarding Plaintiffs damages, attorney fees, costs, pre and post-judgment

interest, injunctive relief, and such other and further relief that the Court deems just.

### PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

DATE: May 31, 2023                          Respectfully Submitted,

By: /s/ Marko Duric

Robert Robertson
Marko Duric
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
(312) 223-8600
robrobertson1@sbcglobal.net
marko@robertsonduric.com